# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR253 |
| v. | |
| ANTOINE GAYE, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Antoine Gaye's ("Gaye") Motion Pursuant to 28 U.S.C. § 2255 for Relief from a Sentence Imposed in Violation of the Constitution and Laws of the United States (Filing No. 52).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must perform an initial review of Gaye's § 2255 motion. Unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the Court must order the United States Attorney to respond to the motion. *Id.*

Gaye pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 120 months in prison. The government appealed Gaye's sentence (Filing No. 43), claiming the Court erred in not classifying Gaye as an armed career criminal under 18 U.S.C. § 924(e). The Eighth Circuit Court of Appeals upheld the Court's ruling and dismissed the appeal (Filing No. 50). Gaye did not appeal.

In his § 2255 motion, Gaye raises two grounds for relief: (1) he received ineffective assistance of counsel prior to sentencing and (2) his presentence investigation report ("PSR") and resulting sentencing were defective and his counsel was ineffective for failing to object to those deficiencies at sentencing.

On his first ground, Gaye argues his attorney failed to do a pretrial investigation "necessary to examine the facts before advising" him and ineffectively advised him during the plea-negotiations stage of his case. Gaye alleges his counsel failed to investigate the circumstances surrounding the repossession of his vehicle which led to the discovery of the firearm. According to Gaye, if his counsel would have interviewed the individual who recovered the firearm during the repossession, she would have discovered the individual was a former police officer who allegedly investigated Gaye previously for an unrelated incident. Gaye also asserts his counsel improperly advised him to plead guilty because "he was guilty under a theory of constructive possession, even if he had no knowledge of the firearm."

Gaye does not explain why he is entitled to relief based on his counsel's conduct, but after initial review, "it does not plainly appear the defendant is entitled to no relief." 28 U.S.C. § 2255, Rule 4(b). At this early stage, summary dismissal is not required, and the government must file a response to Gaye's first ground. *Id.*

With regard to Gaye's second ground, Gaye asserts that his base offense level in his PSR was too high and the Court relied on it in error at sentencing. Gaye's PSR included a base offense level of 24 pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("Guidelines"). Gaye contends his PSR "impermissibly double counted [his] prior convictions . . . since the law already uses the prior conviction to determine him a felon." According to Gaye, his base offense level should have been 20 under § 2K2.1(a)(4)(A). Gaye argues because the Court failed to begin his sentencing determination with a correct calculation of the Guidelines, his sentence was "procedurally and substantively unreasonable." With that, Gaye asserts his "counsel failed him miserably at sentencing" by not objecting to this perceived deficiency.

Gaye's claim fails. First, Gaye has not established that his claim is procedurally sound. It is well-settled that "[a] § 2255 motion is not a substitute for direct appeal." *Auman*

*v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam)). With a few exceptions, where a nonconstititional challenge to a sentencing error is not raised on direct appeal, it cannot be asserted in collateral proceedings. *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). Unless Gaye can show he objected at or before sentencing or on direct appeal, he cannot raise this issue for the first time in these collateral proceedings.

Even assuming, without deciding, Gaye's claim is not procedurally defective, his claim is not otherwise cognizable. As explained by the Eighth Circuit,

> Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974). Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It provides a remedy for jurisdictional and constitutional errors . . . . Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.*

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Applying these principles, ordinary questions of Guidelines interpretation, like the one presented by Gaye, do not present a proper § 2255 claim. *See id.*; *Auman*, 67 F.3d at 161.

Furthermore, Gaye's claim fails on the merits. Contrary to Gaye's assertion, his base offense level was correctly calculated. Under § 2K2.1(a)(2), a base offense level of 24 is appropriate where the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Gaye does not contest that, as his PSR reflects, he was convicted of four prior felonies. Two of those felony convictions—robbery and attempted possession with intent to deliver marijuana—were respectively a crime of violence and a controlled-substance offense. *See* U.S.S.G. § 2K2.1, cmt. 1.

3

Whether those felonies also make Gaye a prohibited person for the offense of conviction—being a felon in possession of a firearm—is beside the point and not "impermissible double-counting." *Cf. United States v. Saffeels*, 39 F.3d 833 (8th Cir. 1994) (affirming triple-counting a defendant's prior conviction to enhance his sentence based on the mandatory minimum under 18 U.S.C. § 924(e)(1), determine his base offense level under § 2K2.1A9(a), and calculate his criminal history score under the Guidelines). Prior convictions regularly perform multiple functions. *See id.* Thus, the Court finds Gaye's challenge to his PSR and resulting sentence is baseless.

Reading Gaye's challenge to his PSR as an ineffective-assistance claim,[1] he also falls short. A liberal reading of Gaye's motion includes a complaint that his counsel was ineffective for failing to object to his PSR and resulting sentence. To establish ineffective assistance of counsel, Gaye must show: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) his counsel's deficiency actually prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Gaye fails on both counts. Because Gaye's PSR was not defective, it was neither unreasonable for his counsel to not object nor would have an objection changed the outcome of the proceeding. *See Champion v. United States*, 319 F. App'x 443, 447 (8th Cir. 2009) (concluding prejudice could not be shown where there was no evidence the PSR would have been different but for counsel's failure to object).

For the reasons stated above, after initial review, it plainly appears Gaye is not entitled to relief on his second ground. *See* 28 U.S.C. § 2255, Rule 4(b). But Gaye has provided enough on his first ground to warrant a response from the government at this point. Accordingly,

---

[1] This interpretation overcomes Gaye's procedurally defective and lack-of-cognizable claim hurdles. *See Massaro v. United States*, 538 U.S. 500, 509 (finding ineffective-assistance claims are cognizable § 2255 claims that generally are not waived when not raised on direct appeal).

IT IS ORDERED:

1. Upon initial review, the Court preliminarily determines Antoine Gaye's ineffective-assistance claim on his first ground of his Motion, pursuant to § 2255 (Filing No. 52) is potentially cognizable.

2. The government shall file a response to that claim within 21 days of this Order.

Dated this 23rd day of October 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge