IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16CR253 |
| v. | |
| ANTOINE GAYE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Antoine Gaye's ("Gaye") Motion Pursuant to 28 U.S.C. § 2255 (Filing No. 52).[1] In an Order ("Order") dated October 23, 2018 (Filing No. 53), the Court determined that part of Gaye's ineffective-assistance claim was potentially cognizable, warranting a response from the government. *See* 28 U.S.C. § 2255 Rule 4(b). The government has filed that response (Filing No. 57). The Court finds that Gaye's motion should be denied without a hearing for the reasons stated below.

**I.     BACKGROUND**

The factual and procedural background of this case are set forth in the Order. Relevant to the present motion,[2] on June 20, 2016, Paul Antoniak ("Antoniak"), an employee of Gerber Auto Sales and former police officer,[3] repossessed a vehicle. In that vehicle, Antoniak discovered identification belonging to Gaye in the back of the driver's seat and a firearm under the driver's seat, which Antoniak alerted to law enforcement. Upon discovering that the vehicle had been repossessed, Gaye called Antoniak and informed him that he had "property" in the vehicle he wanted to retrieve. Gaye came to the location of the vehicle, looked under

---

[1]Gaye has also submitted a "Motion for Status Update" (Filing No. 60). To the extent that is a separate motion, it is denied as moot.

[2]The facts are taken from the police reports, which Gaye agreed in his petition to plead guilty accurately recited what happened in this case, and the government's recitation of the factual basis at Gaye's plea proceeding, which Gaye also confirmed was accurate.

[3]During his time as a police officer, Antoniak investigated Gaye on an unrelated matter.

the driver's seat, became agitated, and said to Antoniak, "I had a legally registered firearm under the seat and I want it back." Antoniak had previously attempted to repossess the vehicle on a prior occasion, but Gaye convinced him not to and made a payment on the vehicle later that day.

At his plea proceeding on April 11, 2017, Gaye pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court asked Gaye, while he was under oath, if his attorney had done everything he had asked her to do in the case, and Gaye stated that she had. The Court also asked Gaye whether he had any concerns or complaints about her representation, and Gaye stated that he did not. Gaye further affirmed that he was satisfied with his attorney's advice. Gaye now contends he is entitled to relief because his attorney failed him "during the critical plea . . . phase of the case."

According to Gaye, his attorney failed to properly conduct a pretrial investigation "including speaking with [Antoniak] who claimed to have recovered the firearm" from a vehicle he repossessed. Gaye believes that if his attorney had done so, she would have discovered Antoniak previously investigated Gaye "for an unrelated incident, and could have very well used his interests in a conflicted way." Moreover, Gaye asserts his attorney convinced him he was guilty under a theory of constructive possession and told him "that even if he had no knowledge of the firearm, because he was driving the vehicle (which was not his), he is still liable." Gaye alleges that if his attorney had informed him of the knowledge requirement, "there is a reasonable probability [he] would have rejected the plea and proceeded to trial."

## II. DISCUSSION
### A. Standard
Relief is warranted where a "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. Accordingly, ineffective assistance of counsel may result in the imposition of an

2

unconstitutional sentence. *See Bear Stops v. United States*, 339 F.3d 777, 780-81 (8th Cir. 2003).

Gaye faces a heavy burden in establishing ineffective assistance of counsel. He must demonstrate both that "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017). In other words, he must show that his attorney's representation "'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Dat v. United States*, 920 F.3d 1192, 1193 (8th Cir. 2019) (quoting *Jae Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1964 (2017)).

In challenging his guilty plea, Gaye must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017) (quoting *Jae Lee*, 582 U.S. at ___, 137 S. Ct. at 1964); *see also United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011))). The Court should not disturb a plea solely based on "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Thompson*, 872 F.3d at 567 (quoting *Jae Lee*, 582 U.S. at ___, 137 S. Ct. at 1967).

Counsel has a duty to make reasonable investigations. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984). A defendant may establish prejudice by showing that an investigation would have uncovered evidence that "would have caused counsel to change [her] recommendation as to the plea offer." *Witherspoon v. Purkett*, 210 F.3d 901, 903 (8th Cir. 2000). This assessment turns on predicting "whether the evidence likely would have changed the outcome of trial." *Id.* at 904 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## B. Evidentiary Hearing

An evidentiary hearing is generally required under § 2255(b) unless "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

Gaye has failed to show "further factual development of his claims [is] necessary before determining those claims d[o] not entitle [him] to relief." *Guzman-Ortiz*, 849 F.3d at 715. As explained below, Gaye's allegations either contradict the record, are conclusory, or would not entitle him to relief. *See id.*; *see also United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995) (concluding a defendant's vague and conclusory allegations of attorney misconduct did not require an evidentiary hearing). Accordingly, an evidentiary hearing is not warranted.

## C. Failure to Investigate

Gaye first asserts his attorney was ineffective because she failed to conduct a pretrial investigation. Specifically, Gaye asserts his attorney should have interviewed Antoniak. The Court will assume for the sake of analysis that his attorney was deficient for failing to interview Antoniak.[4] *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). Gaye must then demonstrate prejudice by making "a substantial showing that, but for counsel's failure to interview . . . [Antoniak], there is a reasonable probability" he would have proceeded to trial. *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). He has not made that showing.

As the Court noted in the Order, Gaye does not explain why he is entitled to relief based on his attorney's conduct. He instead vaguely asserts that an investigation might have revealed that Antoniak "could have very well used his interests in a conflicted way" purportedly because

---

[4]Given the "strong presumption" that counsel's conduct was reasonable and the great deference the Court must give counsel's decision not to investigate, *see Strickland*, 466 U.S. at 689, 691, the Court doubts Gaye could make that showing. Additionally, at the time of Gaye's plea proceeding he was aware of his counsel's conduct and he agreed that his counsel had done everything that he asked her to do in the case.

he previously investigated Gaye on an unrelated case. But Gaye does not point to any animosity with Antoniak or indicate what interviewing Antoniak would have accomplished. Gaye's speculation that he was prejudiced by his attorney's failure to interview Antoniak, absent any specifics as to what evidence such an interview would have revealed, does not justify disturbing his guilty plea. *See Hill*, 474 U.S. at 59 (assessing prejudice depends on predicting the undiscovered evidence's impact); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (rejecting an ineffective-assistance claim where the defendant failed to make a clear showing of what important testimony would have been discovered in an interview).

Furthermore, Gaye has not identified contemporaneous evidence to substantiate his claim that he would have proceeded to trial. *See Thompson*, 872 F.3d at 567. When the government offered its factual basis for Gaye's offense at his plea proceeding, the government described how Gaye requested to retrieve his "property" from the repossessed vehicle and informed Antoniak that he had "a legally registered firearm under the seat" and he "wanted it back." When the Court asked Gaye if he "agree[d] that that's what occurred in the case," Gaye responded, "yes, I do." *See Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir 1990) ("Solemn declarations in open court carry a strong presumption of verity." (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). In his petition to plead guilty, Gaye also agreed to the accuracy of the facts contained in the police reports, which include the same assertions. Accordingly, "[t]he record establishes [Gaye] admitted he" knew his firearm was in the vehicle. *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (first alteration in original).

Given the strength of the evidence against him—including his own admission that he knew his firearm was in the vehicle—Gaye "cannot show that there is a reasonable probability that he would have decided to go to trial had his counsel conducted even the most thorough investigation of the case." *Schone v. Purkett*, 15 F.3d 785, 790 (8th Cir. 1994); *see also Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (relying on a defendant's statements at a plea proceeding to conclude he would not have gone to trial).

**D. Failure to Advise**

Gaye next contends that his attorney was ineffective for failing to inform him that a theory of constructive possession requires knowledge of the firearm. To convict Gaye as a felon in possession of a firearm under § 922(g)(1), the government had to establish "(1) a previous conviction for a crime punishable by imprisonment over one year, and (2) knowing possession of a firearm (3) that was in or affected interstate commerce." *United States v. Brown*, 634 F.3d 435, 439 (8th Cir. 2011) (quoting *United States v. Smart*, 501 F.3d 862, 865 (8th Cir. 2007)). "Possession may be actual or constructive." *United States v. Goodrich*, 739 F.3d 1091, 1097 (8th Cir. 2014) (quoting *United States v. Parker*, 587 F.3d 871, 881 (8th Cir. 2009)). Constructive possession may be proved by showing "the defendant had control over the place where the firearm was located, or control, ownership, or dominion of the firearm itself." *Brown*, 634 F.3d at 439. "'[A] defendant's control and dominion over a vehicle can indicate knowledge' of its contents." *United States v. Wilson*, 619 F.3d 787, 796 (8th Cir. 2010) (quoting *Parker*, 587 F.3d at 881).

Even assuming his attorney was deficient and inadequately informed him of the elements of the charge against him,[5] Gaye must still show that he otherwise would have proceeded to trial—that is, prejudice. *See Hill*, 474 U.S. at 59. Gaye has not done so.

The record reveals that a constructive-possession defense was unlikely to succeed at trial. As noted above, Gaye admitted both knowledge and ownership of the firearm. The government also points out that the evidence shows Gaye "had dominion and control over the vehicle." After the vehicle was repossessed, Gaye's identification was found in the vehicle and he came to retrieve and requested his "property" (his "legally registered firearm") from it. The police reports (which Gaye agreed were accurate) further explain that Antoniak had previously seen Gaye drive and make payments on the vehicle before it was repossessed. Thus,

---

[5]The Court is not convinced Gaye could make that showing. Gaye expressed at his plea proceeding that he was satisfied with his counsel's representation, and the Court informed Gaye that he had to have "knowingly possessed a firearm" to be convicted—which Gaye stated he understood.

the record clearly links Gaye to the firearm and indicates that he had actual knowledge of it. *See Brown*, 634 F.3d at 439; *Wilson*, 619 F.3d at 796.

Under these circumstances, the Court finds that Gaye's constructive-possession argument had no reasonable chance of success and Gaye has failed to substantiate his claim. Based on the foregoing,

IT IS ORDERED:
1. Antoine Gaye's Motion Pursuant to 28 U.S.C. § 2255 (Filing No. 52) is denied.
2. Gaye's Motion for Status Update (Filing No. 60) is denied as moot.
3. A separate judgment will issue.
4. The Clerk of the Court shall mail a copy of the Memorandum and Order and Judgment to Gaye at the address of record or his current place of incarceration.

Dated this 9th day of May 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge